**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**KAMEHAMEHA SCHOOLS/BISHOP ESTATE, Defendant.**

No. 90–00539.

United States District Court, D. Hawaii.

Dec. 22, 1993.

Sanya P. Hill, Trial Atty. (Lead Counsel) Stephen Passek, E.E.O.C., San Francisco, CA, for plaintiff.

Watanabe Ing & Kawashima, James Kawashima, Cynthia Winegar, Colleen I. Wong, Sr. Counsel, Kamehameha Schools/Bishop Estate, Legal Dept., Honolulu, Hawaii, for defendant.

*ORDER VACATING THIS COURT'S AUGUST 1, 1991 ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT FOR PLAINTIFF*

KAY, Chief Judge.

This Court, by its August 1, 1991 Order, granted Defendant's motion for summary judgment. On March 31, 1993 (as amended May 10, 1993), the Ninth Circuit determined that this Court's August 1, 1991 Order should be reversed and remanded with instructions to enter partial summary judgment for Plaintiff E.E.O.C.

In reaching its decision, the Ninth Circuit panel (Judges Browning, Norris, and Reinhardt) ruled that the exemptions under Section 702 of the Civil Rights Act of 1964, 42

U.S.C. § 2000e–1, must be construed narrowly; whereas all other Circuit Courts which have considered the issue have held that Section 702 should be construed broadly. *Little v. Wuerl,* 929 F.2d 944 (3rd Cir.1991); *E.E.O.C. v. Mississippi College,* 626 F.2d 477 (5th Cir.1980). However, the U.S. Supreme Court declined to consider this conflict between the circuits.

Therefore, this Court vacates its August 1, 1991 Order granting summary judgment for Defendant and holds that Plaintiff is entitled to partial summary judgment on the issue of liability[1] because, according to the Ninth Circuit panel, Defendant's "Protestant" hiring requirement is not protected by any of the three religious exemptions to Title VII and violates Title VII.

IT IS SO ORDERED.

---

**1.** The issue of whether Ms. Carole Edgerton (the charging party whose charge provides the basis for this lawsuit) is entitled to "make whole relief" within the meaning of Title VII law was not addressed by the parties' cross-motions for summary judgment.